CITY OF COLUMBUS, PARKING VIOLATIONS BUREAU, APPELLEE, *v.* HEATH, APPELLANT.

(No. 85AP-132—Decided June 18, 1985.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien,* city prosecutor, and *David E. Tingley,* for appellee.

*John F. Heath, pro se.*

STRAUSBAUGH, J. This is an appeal

by defendant from a judgment of the municipal court adopting and approving the referee's report and rendering judgment for appellee, city of Columbus, Parking Violations Bureau, for $64 against defendant. Also before us is appellee's motion for an order dismissing this appeal due to lack of jurisdiction based upon Section 3(B)(2), Article IV, Ohio Constitution, providing that courts of appeals shall have jurisdiction as may be provided by law to review the judgments and final orders of inferior courts.

Appellee's motion is also based upon R.C. 4521.08(D) which provides in part:

"Notwithstanding any other provision of law, the judgment on appeal of the municipal or county court or of the juvenile judge is final, and no other appeal of the judgment of the parking violations bureau, joint parking violations bureau, or traffic violations bureau, or of the referee of the juvenile court, whichever is applicable, and no appeal of the judgment of the municipal or county court or of the juvenile judge may be taken."

Appellee also bases its motion upon Columbus City Code 2150.07(D) which provides in part:

"Notwithstanding any other provision of law, the judgment on appeal of the Municipal Court is final, and no other appeal of the judgment of the Parking Violations Bureau and no appeal of the judgment of the Municipal Court may be taken."

In this instance, the General Assembly and Columbus City Council, under the authority of Section 3(B)(2), Article IV, Ohio Constitution, have created a new civil action which limits review to that of the Franklin County Municipal Court. The limitation of review is similar to that imposed by the legislature in establishing the Court of Claims. R.C. 2743.03(C)(4) provides, in part:

"An appeal from a decision of the court of claims commissioners shall be heard and determined by one judge of the court of claims."

R.C. 2743.10(D) provides in part:

"Upon the motion of a party, the court of claims shall review the clerk's determination upon his report and papers filed in the action, and enter judgment consistent with its findings. The judgment shall not be the subject of further appeal. * * *"

For the foregoing reasons, we find that this court lacks jurisdiction to hear appellant's appeal and therefore appellee's motion to dismiss is well-taken and therefore sustained, and the appeal is dismissed.

*Motion to dismiss*
*sustained and*
*appeal dismissed.*

McCORMAC and MOYER, JJ., concur.